NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHANNA M. IMMELT,

       Plaintiff-Appellant,

  v.

DEE SHARP, in her official capacity as
Program Director; TAMBRA MCCOWAN,
in her official capacity as Professional
Licensing Manager,

       Defendants-Appellees,

 and

STATE OF WASHINGTON
DEPARTMENT OF LICENSING REAL
ESTATE APPRAISER PROGRAM,

       Defendant.

No.   22-35249

D.C. No. 3:20-cv-05617-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted August 21, 2023[**]

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, KLEINFELD, and SILVERMAN, Circuit Judges.

Johanna Immelt appeals pro se from the district court's summary judgment in her action alleging due process violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *see, e.g., Holz v. Nenana City Public School Dist.*, 347 F.3d 1176, 1179 (9th Cir. 2003), and we affirm.

The district court properly granted summary judgment to the individual state officials. Any claims against the officials, sued in their official capacities and seeking money damages, were barred by the Eleventh Amendment. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

Any claims against the officials, sued in their official capacities and seeking prospective injunctive relief, were also barred by the Eleventh Amendment, because Immelt did not establish that the state regulations at issue were unconstitutional, or otherwise conflicted with federal authority. *Id.*

The district court properly determined that the officials were entitled to qualified immunity for any claims against them in their individual capacity, because Immelt failed to establish a constitutional violation. *See, e.g., Ashcroft v. al-Kidd,* 563 U.S. 731, 735 (2011) (qualified immunity shields state officials from money damages unless plaintiff shows, among other things, that the official violated a constitutional right).

The district court did not abuse its discretion in denying Immelt's motion to

2

reconsider, because Immelt failed to establish any colorable basis for reconsideration. *See, e.g., Carroll v. Nakatani,* 342 F.3d 934, 940, 945 (9th Cir. 2003) (motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law; it may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation).

**AFFIRMED.**